**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
**(Civil Division)**

| | |
|---|---|
| **WAYNE MATTHEWS** ) | |
| **404 O Street, N.W.,** ) | |
| **# 304** ) | |
| **Washington D.C. 20001** ) | **Case No.:** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **DISTRICT OF COLUMBIA** ) | |
| **400 6ᵗʰ Street, N.W.,** ) | |
| **Washington D.C. 20001** ) | |
| ) | |
| <u>**SERVE:**</u> ) | |
| ) | |
| **The Honorable Muriel Bowser** ) | |
| **Mayor of the District of Columbia** ) | |
| **1350 Pennsylvania Avenue, N.W.,** ) | |
| **4ᵗʰ Floor** ) | |
| **Washington D.C. 20004** ) | |
| ) | |
| **Karl Racine, Attorney General** ) | |
| **400 6ᵗʰ Street, N.W.,** ) | |
| **Washington D.C. 20001** ) | |
| ) | |
| **And** ) | |
| ) | |
| **OFFICER MILTON DELAROSA** ) | |
| **Metropolitan Police Department** ) | |
| **Individually and in his official capacity** ) | |
| **Second District Station** ) | |
| **3320 Idaho Avenue, N.W.,** ) | |
| **Washington D.C. 20016** ) | |
| ) | |
| **And** ) | |
| ) | |
| **OFFICER MARK MULLEN** ) | |
| **Metropolitan Police Department** ) | |
| **Individually and in his official capacity** ) | |
| **Second District Station** ) | |
| **3320 Idaho Avenue, N.W.,** ) | |
| **Washington D.C. 20016** ) | |
| ) | |

And                                              )
                                                 )
**OFFICER EVAN BASSETT**                         )
**Metropolitan Police Department**               )
**Individually and in his official capacity**    )
**Second District Station**                      )
**3320 Idaho Avenue, N.W.,**                     )
**Washington D.C. 20016**                        )
                                                 )
And                                              )
                                                 )
**OFFICER BRIAN MURRAY**                         )
**Metropolitan Police Department**               )
**Individually and in his official capacity**    )
**Second District Station**                      )
**3320 Idaho Avenue, N.W.,**                     )
**Washington D.C. 20016**                        )
                                                 )
And                                              )
                                                 )
**NICOLE KOENIGSMANN**                           )
**Metropolitan Police Department**               )
**Individually and in his official capacity**    )
**Second District Station**                      )
**3320 Idaho Avenue, N.W.,**                     )
**Washington D.C. 20016**                        )
                                                 )
     **Defendants.**    )
_____         )

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, Wayne Matthews, by and through his attorneys, Brian K. McDaniel, Esq., and The Cochran Firm and brings this action against the Defendants, Officer Milton DeLaRosa, Officer Mark Mullen, Officer Evan Bassett, Officer Brian Murray and Officer Nicole Koenigsmann and alleges the following:

## INTRODUCTION

1. On April 23, 2021, Plaintiff, Wayne Matthews was stopped and arrested by the Defendant Officers in the area of the 1500 block of P Street, N.W., Washington D.C. While placing Mr.

2

Matthews in handcuffs Defendant Officers used excessive force which caused Mr. Matthews to sustain significant injury to his left arm and wrists.

2. Defendant Officers violated Mr. Matthews rights under the Fourth Amendment to the Constitution of the United States through their actions.

## JURISDICTION AND VENUE

3. This action arises under the Constitution of the United States, the Civil Rights Act, 42 U.S.C. § 1983, the laws of the District of Columbia, particularly D.C. Code §§ 12-309, and the common law.

4. The Court has jurisdiction over the Plaintiff's claim under 28 U.S.C. § 1331 (federal question) and under 28 U.S.C. § 1343 (civil rights deprivation).

5. On July 26, 2021, Plaintiff, Wayne Matthews, through counsel, pursuant to D.C. Code § 12-309 provided written notice of his intent to sue based on the incident that occurred on April 23, 2021.

6. Venue is proper in the District of Columbia because this is where the Defendants are employed and where the events complained of occurred.

## PARTIES

7. Plaintiff, Wayne Matthews, (hereinafter referred to as 'Plaintiff') now and at all times relevant to this claim, is an adult resident of the District of Columbia who resides at 404 O Street, N.W., # 304, Washington D.C. 20001.

8. Defendant, Officer Milton DeLaRosa (hereinafter referred to as 'Defendant DeLaRosa'), who is sued in his individual and official capacities, is now, and was at all relevant times, an officer with the Second District of the District of Columbia Metropolitan Police Department located at 3320 Idaho Avenue, N.W., Washington D.C. 20016.

9.   Defendant, Officer Mark Mullen (hereinafter referred to as 'Defendant Mullen'), who is sued in his individual and official capacities, is now, and was at all relevant times, an officer with the Second District of the District of Columbia Metropolitan Police Department located at 3320 Idaho Avenue, N.W., Washington D.C. 20016.

10. Defendant, Officer Evan Bassett (hereinafter referred to as 'Defendant Bassett'), who is sued in his individual and official capacities, is now, was at all relevant times, an officer with the Second District of the District of Columbia Metropolitan Police Department located at 3320 Idaho Avenue, N.W., Washington D.C. 20016.

11. Defendant, Brian Murray (hereinafter referred to as 'Defendant Murray'), who is sued in his individual and official capacities, is now, was at all relevant times, an officer with the Second District of the District of Columbia Metropolitan Police Department located at 3320 Idaho Avenue, N.W., Washington D.C. 20016.

12. Defendant, Nicole Koenigsmann (hereinafter referred to as 'Defendant Koenigsmann'), who is sued in her individual and official capacities, is now, was at all relevant times, an officer with the Second District of the District of Columbia Metropolitan Police Department located at 3320 Idaho Avenue, N.W., Washington D.C. 20016.

13. Defendant, District of Columbia, is a municipal corporation of the local government of the District of Columbia and operates and governs the Metropolitan Police Department pursuant to the laws of the District of Columbia. In this case, the District of Columbia acted through its agents, employees and servants, including Defendants DeLaRosa, Mullen, Bassett, Murray and Koenigsmann.

## STATEMENT OF FACTS

14. On April 23, 2021, at or about 1:30 pm, Plaintiff was traveling in the area of the 1500 block of P Street, N.W., Washington D.C. 20005.

15. Defendant Officers were patrolling the 1500 block of P Street, N.W., Washington D.C. 20005 when they initiated a stop of the Plaintiff. Plaintiff stopped his vehicle immediately in response to the activation of the emergency lights by the Defendant officers.

16. Defendant officers allege that the Plaintiff was stopped because the temporary tags on the vehicle were faulty.

17. Defendant officers approached the Plaintiff's vehicle and requested his license and registration. Plaintiff provided the officers with his license the registration.

18. After Defendant officers reviewed Plaintiff's license and registration, Plaintiff was ordered out of the vehicle. Plaintiff was compliant and exited his vehicle.

19. Upon exiting the vehicle, Defendant officers informed the Plaintiff that he was being placed under arrest for Failure to Display Current Tag.

20. Defendant officers grabbed Plaintiff's left hand and twisted it with such force that it immediately sent a sharp pain from his elbow to his fingertips.

21. At the time that the Defendant officers grabbed his left arm and twisted it, Plaintiff was not resisting the Defendant officers in any way and was fully compliant.

22. Defendant officers then placed Plaintiff in handcuffs. The handcuffs were placed on his wrists extremely tightly causing pain to his wrists. Plaintiff complained to the Defendant officers about the tightness of the handcuffs on his wrists.

23. Plaintiff was transported to the Second District Station where he was processed and held for approximately one hour and a half after which he was released with a summons to appear to answer the charge for misuse of tags on October 12, 2021.

24. After being released from the Second District Station, Plaintiff's left elbow, left arm and left hand were all severely swollen. Plaintiff sought treatment for the injury to his left elbow, left arm and left hand at Howard University Hospital. Plaintiff underwent an X-ray and MRI on his left arm and was eventually diagnosed with a joint effusion of his left elbow. Plaintiff's left arm was placed in a cast and a sling.

25. At all times relevant to the events herein described, Plaintiff was not committing any crime and was obeying all laws.

26. Defendant officers acted intentionally and/or recklessly and with deliberate disregard to the Plaintiff's constitutional rights and in intentional or reckless disobedience of the District of Columbia Police Department regulations.

27. The use of unreasonable and/or excessive force by the Defendant officers are subject to specific regulation(s), and/or order(s) and/or standard(s), including but not limited to, General Orders 901.07, 201.26, and 501.07, Special Order 97-31, and the Spectrum of Force and Use of Force Continuum.

28. No reasonable police officer could have believed that there was a need to use the excessive force in placing the Plaintiff in handcuffs even though he had not committed any crime and was not resisting arrest.

29. At all relevant times, Defendant officers

   a. Wore apparel of the District of Columbia Metropolitan Police Department;

   b. Used resources of the District of Columbia Metropolitan Police Department;

   c. Were on active duty as officers of the District of Columbia Metropolitan Police Department;

d.   Acted under the color of law, statute, ordinance, regulations, custom and usage of
the District of Columbia.

30. Plaintiff suffered significant physical injuries and pain as a result of the Defendant officers
conduct on April 23, 2021.

## CLAIM FOR RELIEF

### First Claim for Relief – 42 U.S.C. § 1983 – Excessive Force in violation of the Fourth Amendment
(Against Defendants DeLaRosa, Mullen, Bassett, Murray, and Koenigsmann)

31. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth
herein.

32. 42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of
any state or territory or the District of Columbia subjects or causes to be subjected any
citizen of the United States or other person within the jurisdiction thereof to the deprivation
of any rights, privileges or immunities secured by the constitution and law shall be liable
to the party injured in an action at law, suit in equity, or other appropriate proceeding for
redress…

33. Plaintiff in this action is a citizen of the United States and all of the individual Defendant
officers to this claim are persons for purposes of 42 U.S.C. § 1983.

34. All individual Defendant officers to this claim, at all times relevant hereto, were acting
under the color of state law in their capacity as District of Columbia police officers and their acts
or omissions were conducted within the scope of their official duties or employment.

35. Plaintiff had a clearly established Constitutional right under the Fourth Amendment to be
secure in his person from unreasonable seizure through excessive force.

36. Any reasonable police officer knew or should have known of these rights at the time of the
complained of conduct as the rights were clearly established at the time of the complained of
conduct.

7

37. Defendant officers' actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated the Fourth Amendment rights of the Plaintiff.

38. Defendant officers' actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to the Plaintiff's federally protected rights. The force used by these Defendant officers shocks the conscience and violated the Plaintiff's rights under the Fourth Amendment of the Constitution of the United States.

39. Defendant officers unlawfully seized the Plaintiff by means of objectively unreasonable, excessive and conscious shocking physical force, thereby unreasonably restraining the Plaintiff of his freedom.

40. None of the Defendant officers took reasonable steps to protect Plaintiff from the objectively unreasonable and conscious shocking excessive force of other Defendant officers. They are each therefore liable for the injuries and damages resulting from the objectively unreasonable and conscious shocking force of each of the other officers.

41. Defendant officers engaged in the conduct described by the Complaint willfully, maliciously, in bad faith, and in reckless disregard of the Plaintiff's federally protected constitutional rights.

42. Defendant officers did so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

43. The acts or omissions of all individual Defendant officers were the moving forces behind Plaintiff's injuries.

44. The individual Defendant officers acted in concert and joint action with each other.

45. The acts or omissions of Defendant officers as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages.

46. As a proximate result of Defendant officers' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages. As further result of the Defendant officers' unlawful conduct, plaintiff has incurred special damages, including medically related expenses and may continue to incur further medical and other special damages. Plaintiff is therefore entitled to money damages pursuant to 42 U.S.C. § 1983 to compensate him for his injuries and for the violation of his Constitutional and civil rights.

47. On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet ascertained sequelae of his injury. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law.

48. In addition to compensatory, economic, consequential and special damages, Plaintiff entitled to punitive damages against each of the individually named Defendant officers under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

49. Defendant officers are not entitled to qualified immunity for the complained of conduct.

**Second Claim for Relief – Assault**
(Against Defendants DeLaRosa, mullen Bassett, Murray, Koenigsmann)

50. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

51. Plaintiff was in fear of imminent bodily harm when Defendant officers aggressively twisted Plaintiff's left arm and put him in extremely tight handcuffs.

52. Defendant officers intentionally threatened the Plaintiff with imminent bodily harm when they aggressively twisted his left arm and placed him in extremely tight handcuffs.

53. Due notice under all applicable statutes has been given to the Defendants.

54. The actions of the Defendant officers are the direct cause of the injuries described above. The Plaintiff is entitled to special damages which include pain and suffering, future pain and suffering and emotional trauma.

55. The intentional and malicious actions of Defendant officers are the direct cause for the injuries described above. The Plaintiff is entitled to punitive damages.

**Third Claim for Relief – Battery**
(Against DeLaRosa, Mullen, Bassett, Murray and Koenigsmann)

56. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

57. Defendant officers engaged in harmful and offensive contact of the Plaintiff by aggressively twisting his left arm and placing him in extremely tight handcuffs causing injury.

58. Due notice under all applicable statutes has been given to the Defendants.

59. The actions of the Defendant officers are the direct cause of the injuries described above. The Plaintiff is entitled to special damages which include pain and suffering, future pain and suffering and emotional trauma.

60. The intentional and malicious actions of Defendant officers are the direct cause for the injuries described above. Plaintiff is entitled to punitive damages.

**Fourth Claim for Relief – Negligence**
(Against DelaRosa, Mullen, Bassett, Murray, and Koenigsmann)

61. Plaintiff incorporates all other paragraphs of this Complaint as if fully set forth herein.

62. At all relevant times, Defendant officers were acting within the scope of their employment with the District of Columbia Metropolitan Police Department.

63. Pleading in the alternative, Defendant officers violated the national standard of care by the inappropriate application of the handcuffs which lacked the required degree of skill and care required of a police officer faced with like circumstances.

64. Plaintiff sustained great pain and suffering, and physical injury was which was proximately caused by the aforesaid negligence.

### Fifth Claim for Relief – Respondeat Superior
(Against Defendant District of Columbia)

65. Plaintiff incorporates all other paragraphs of this Complaint as if fully set forth herein.

66. At all relevant times during the circumstances described in this Complaint, Defendant officers were acting within the scope of their official duty as police officers of the District of Columbia Metropolitan Police Department and employee of the District of Columbia.

67. The District of Columbia should be held liable for the common law claims against the Defendant officers and pay appropriate damages to the Plaintiff.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court:

(a)     RULES that the actions of the Defendants violated the rights of the Plaintiff under the Fourth Amendment to the United States Constitution and the laws of the District of Columbia;

(b)      ENTER JUDGMENT awarding the Plaintiff compensatory damages against all defendants in an amount of $1,000,000.00;

(c)      ENTER JUDGMENT awarding punitive damages against the Defendant officers in the amount of $1,000,000.00;

(d)     ENTER JUDGMENT awarding Plaintiff costs and reasonable attorneys' fees in this action as provided in 42 U.S.C. § 1983; and

(e)     GRANT the Plaintiff any such other relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff respectfully demands a jury trial in the aforementioned matter.

Respectfully submitted,

THE COCHRAN FIRM

/s/ Brian K. McDaniel
Brian K. McDaniel, Esq.
1001 L Street, S.E.,
Washington D.C. 20003
Tel: 202-331-0793
Fax: 202-331-7004